## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Foster, ) | |
| ) | |
| Plaintiff, ) | C/A No. 8:20-cv-04319-MBS |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On December 14, 2020, Plaintiff William Foster filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of Defendant Commissioner of Social Security's (the "Commissioner") final decision denying his claim for Disability Insurance Benefits ("DIB").

Plaintiff filed his DIB application on March 26, 2018, alleging disability beginning February 1, 2017. Plaintiff's applications were denied initially and again upon reconsideration. An Administrative Law Judge ("ALJ") presided over a hearing held on September 26, 2019 and issued an unfavorable decision on December 16, 2019. The ALJ determined that Plaintiff has the following severe impairments: "factor V Leidon mutation, extremity neuropathy, deep venous thrombosis (DVT) clots, testicular cancer, pulmonary embolism, depression, anxiety, migraines, and a right hand disorder with severe grip weakness." ECF No. 8-2 at 25. However, the ALJ found that while these impairments "could reasonably be expected to cause the alleged symptoms . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the

record." *Id.* at 29.  The ALJ also found that certain medical opinions were not persuasive because they were "disproportionate to [Plaintiff's] adult function reports," inconsistent with examinations and treatment records, vague, not specific with respect to the recommended limitations, and inconsistent with Plaintiff's activities of daily living.  ECF No. 8-2 at 32-34.  Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act.  Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied.  Plaintiff thereafter appealed the decision to this court.

On June 17, 2021, Plaintiff filed his brief contending that the ALJ improperly evaluated multiple medical opinions and that remand is necessary for consideration of relevant medical evidence submitted to the Appeals Council.  ECF No. 9.  The Commissioner filed her response to Plaintiff's brief on July 27, 2021, ECF No. 16, and Plaintiff filed a reply on August 10, 2021, ECF No. 17.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Jacqueline D. Austin for a Report and Recommendation ("Report").  On January 13, 2022, the Magistrate Judge filed her Report recommending that the court reverse the Commissioner's decision to deny benefits and remand for further consideration.  ECF No. 13.  The Magistrate Judge determined that the ALJ "failed to take into account the totality of Plaintiff's function reports and activities of daily living and failed to consider the totality of the medical records."  ECF No. 13 at 25.  She explained:

> [I]n his adult function reports, Plaintiff explained that what he did from the time he woke up until going to bed "[d]epend[ed] on how [he] fe[lt] physically"; that how much time it took him to do any chores "varie[d] day to day on how [he] fe[lt] physically [and] mentally"; and that he did

2

>not "feel the same on any type of a consistent basis." The ALJ also referenced multiple times Plaintiff's ability to cut the grass, including that Plaintiff had been limited to cutting the grass for one hour, which the ALJ found to be inconsistent with Dr. Marx's opinion that Plaintiff could walk for only 20 minutes. However, in his function reports, Plaintiff indicated that he could "mow the lawn on a riding mower" and that "sometimes [he rode] a riding lawnmower to cut some grass but [he could] not cut the entire yard." Plaintiff also testified that he cuts the grass using a riding mower and "there ain't no walkin." It is not clear how being able to ride a riding lawnmower for up to one hour is inconsistent with being able to walk for only 20 minutes. Nor is it clear how the ALJ determined that Plaintiff was "basically able to function" at a level that was inconsistent with the medical opinions of Drs. Yee, Nowatka, and Marx. At a minimum, the ALJ failed to explain how Plaintiff's testimony and function reports, which indicate that he can sometimes do household chores were inconsistent with the restrictions these doctors opined Plaintiff would have when attempting to work 8 hours a day, 5 days a week.

*Id.* at 25-26 (internal citations omitted). The Magistrate Judge also found that the ALJ "failed to explain how the doctors' opinions were inconsistent with Plaintiff's examination and treatment records":

>The ALJ repeatedly cited to the same pages in Exhibits 1F, 2F, 3F, and 6F to show that Plaintiff's "examinations indicated a normal gait and station, normal motor strength, normal thoracolumbar curvature, and normal motor extremity movements" and that "[t]here were no signs of musculoskeletal tenderness or bony abnormalities." [R. 31, 32, 33.] However, the majority of the records the ALJ relied on pre-dated Plaintiff's alleged onset date. [Id. (citing records from fourteen medical visits before February 2017).] Moreover, although many of these records indicate primarily normal findings on physical exam, a number of them also indicate abnormal findings and other issues. [See, e.g., R. 339 (noting Plaintiff was "unable to flex [his] right wrist [but could] move [his] fingers some"), 467 (noting "tender pain on the right leg"), 478 (noting Plaintiff "continue[d] to complain of having pain in the leg"), 535 (noting bilateral lower extremity chronic edema and knee tenderness), 537 (noting increased swelling in both of his lower extremities), 538 (noting continued complaints of fatigue), 540 (noting swelling and sores on the lower extremities), 560 (noting complaints of soreness and swelling in Plaintiff's feet), 586 (noting shortness of breath), 636 (noting that Plaintiff complained the pain in both of his feet was increasing and that his "lower extremity would swell up after being on his feet for almost an hour causing him significant pain"), 638 (noting that although Neurontin was

3

>fairly controlling his leg pain, Plaintiff was unable to do much outside "because of the swelling in the leg . . . when he tries to bend his knees or squat").] To the extent the ALJ rejected or ignored any portion of the medical opinions because they relied on Plaintiff's complaints to his doctors [see R. 34 (noting there was no basis for Dr. Marx's conclusions "with the exception of subjective reports by the claimant")], "[a] patient's report of complaints, or history, is an essential diagnostic tool," . . . . And although the ALJ noted that Plaintiff had been "doing fairly well working as a subcontractor" [R. 31], a review of the records reveals that Plaintiff reported working as a subcontractor in April 2016, well before the alleged onset date [R. 622].

*Id.* at 27-28 (quoting *Arakas v. Commissioner*, 983 F.3d 83, 108 (4th Cir. 2020)). Thus, the Magistrate Judge concluded that the ALJ "failed to construct a 'logical bridge' explaining his determination that the medical opinions were inconsistent with treatment records." *Id.* at 28 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). The Magistrate Judge noted as significant that the ALJ failed to consider the consistency between the three medical opinions at issue. *Id.* The Magistrate Judge also questioned the ALJ's comments that terms used in one medical opinion, *e.g.*, "mild," "moderate," "marked," were vague, when those very terms are defined in the governing regulations. *Id.* at 29-30. *See* 20 C.F.R. § Pt. 404, Subpt. P., App. 1, Listing 12.00F.2. Finally, the ALJ declined to address Plaintiff's contention that the Appeals Council failed to consider material medical evidence, in light of her recommendation that the matter be remanded for further proceedings. On January 26, 2022, the Commissioner filed a notice indicating she does not intend to object to the Report's findings and recommendation. ECF No. 14.

This matter is now before the court for review of the Magistrate Judge's Report. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final

determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding the Commissioner's notice of no objection, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The court adopts the Report, ECF No. 13, and incorporates it herein by reference. The Commissioner's final decision of no disability is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further consideration.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

February 9, 2022
Columbia, South Carolina